IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LEONARD T. REXROAD and ) | 04-43456-H3-13 |
| KIMBERLY ANNE REXROAD, ) | |
| ) | |
| Debtors ) | |
| ) | |

MEMORANDUM OPINION

The court heard the Motion of Rex-Tech International, L.L.C. For Relief From Stay (Docket No. 25) and the Motion For Relief From Automatic Stay (Docket No. 120) filed by Powertuff Corporation and Powertuff Rig Parts, L.L.C.  After considering the responses, pleadings, evidence, and arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law, and will enter a separate Judgment lifting the stay to allow Movants to proceed with the state court litigation.  To the extent any of the Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such.  To the extent any of the Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

Findings of Fact

1.   On September 21, 2004, Leonard T. Rexroad and Kimberly Anne Rexroad ("Debtors"), filed a voluntary bankruptcy petition under Chapter 13 (Docket No. 1).  William E. Heitkamp was appointed the Chapter 13 Trustee.

2. Debtors are third-party defendants in litigation pending in the 55th Judicial District Court of Harris County, Texas in Cause No. 2003-38112, styled "Powertuff Corporation and Powertuff Rig Parts, L.L.C. v. Rex-Tech International, L.L.C. v. Leonard Timothy Rexroad, Individually, Kimberly A. Yeargan a/k/a Kimberly A. Rexroad, Individually, Quality American Rig Parts, L.L.C., David M. Drummond, Individually, James C. Rollings a/k/a Jake Rollings, Indiviually, and Downhole Pipe & Equipment, Inc., and J-Tech International, L.L.C. v. Riva Services, L.L.C., RI Collections, L.L.C. and James E. Petersen, Jr., Individually" ("State Court Litigation"). On July 8, 2003, Powertuff Corporation and Powertuff Rig Parts, L.L.C. ("Powertuff") sued Rex-Tech International, L.L.C. ("Rex-Tech") to collect on a sworn account. Powertuff Exhibit No. 1.

3. Rex-Tech filed a counterclaim and third-party complaint asserting that the Debtors engaged in a conspiracy to financially ruin Rex-Tech and allow Leonard T. Rexroad to extinguish his obligations under his employment agreement with Rex-Tech. The counterclaim and third-party complaint allege causes of action for breach of duty of good faith and fair dealings, breach of implied covenants and fiduciary duties as well as defamation, business disparagement, unfair competition, civil conspiracy, constructive fraud, quantum meruit, defalcation/embezzlement, conversion, misappropriation of trade secrets, tortuous interference with a

contract, usurpation of business opportunities, violations of deceptive trade practices act, unjust enrichment, alter ego, commercial bribery, misapplication of fiduciary funds and accord and satisfaction.  Powertuff Exhibit No.  2.

4.   The Debtors then filed a third-party counterclaim against Rex-Tech, James Petersen, Jr. and Riva Services, L.L.C. alleging breach of contract, breach of fiduciary duty, libel, slander, misrepresentation, conversion of personal property, fraud and embezzlement.  Debtors request damages in the amount of $1.5 million dollars and punitive and/or exemplary damages in the amount of no more than $5 million dollars.  Powertuff Exhibit No.  3.

5. Subsequent to the filing of the state court suit, RIVA Services, L.L.C. ("RIVA") foreclosed upon certain assets of Rex-Tech (including its causes of action against the Debtors) pursuant to a secured interest held by RIVA in the property of Rex-Tech.  These causes of action were assigned to R. I. Collections, L.L.C.  Rex-Tech retained its interests in oilfield equipment and assets in dispute between the Debtors with James Rollings and Rex-Tech.  The court allowed R.I. Collections, L.L.C. to join in Rex-Tech's motion for relief from stay.  Further references to Rex-Tech in this opinion will also include R.I. Collections.

6.   Powertuff and Rex-Tech, in separate motions, seek relief from the automatic stay in order to proceed with all aspects of the State Court Litigation, except collection of any judgment

that might be rendered against the Debtors. Since the underlying facts and the relief requested by the movants in their motions are the same, the court will consider the evidence submitted by both movants in connection with the requests to lift the automatic stay.

7. The State Court Litigation has been pending for over two years. Extensive discovery has been conducted. The state court has been involved with the litigation since its inception. The State Court Litigation involves multiple parties and dense factual and legal issues among the parties. The state court is competent to handle disputes involving numerous parties and to conduct trials on the types of causes of action which have been raised in the State Court Litigation. Upon conclusion of the State Court Litigation all of the issues in the case would be resolved. Some of the issues that need to be resolved do not directly involve the Debtors. The court finds that resolution by the state court will promote judicial economy.

8. Debtors testified that they didn't know whether they would file any objections to the claims of Rex-Tech in this bankruptcy proceeding. Debtors listed the state court suit in their Statement of Financial Affairs and listed as assets in their schedules the various counterclaims they filed in the state court suit as well as wages owed to them from Rex-Tech. Liquidation of these claims is necessary in the bankruptcy case. A quick determination will accelerate and promote the economical

administration of this bankruptcy estate.  The parties in the State Court Litigation are ready for trial and the state court judge gave the case a preferential trial setting.  Testimony of Leonard T. Rexroad.

    9.    The State Court Litigation involves allegations that the Debtors conspired to financially ruin Rex-Tech while allowing Leonard Rexroad to disregard his obligations under the employment agreement.  Debtors' counterclaims against RexTech, Petersen and RIVA, involve numerous issues, including breach of contract, fraud, embezzlement, libel and slander.  Both Debtors testified that they did not know if they would pursue their counterclaims in state court.  In any event, this court finds that Debtors are necessary parties to the State Court Litigation.

    10.    The court finds that the State Court Litigation will not interfere with the bankruptcy case.  This is a Chapter 13 proceeding.  The amount of any claim as determined in state court would affect the percentage distribution to other unsecured creditors, but would not otherwise affect the main case bankruptcy proceeding.

    11.    Since only liquidation, not collection, of the claims is sought, allowing the State Court Litigation to proceed would not prejudice the rights of other creditors.  The court finds that lifting the stay does not result in great prejudice to Debtors or the estate.  Failure to lift the stay would result in a delay in the

administration of this bankruptcy proceeding, and in resolution of the state court proceeding.  The court finds that if the stay does not lift, the harm to Powertuff, Rex-Tech and the other non-debtor parties involved in the State Court Litigation outweighs the harm to Debtors.

## Conclusions of Law

1.  The term "cause" used in 11 U.S.C. § 362(d)(1) is not defined in the Code and whether cause exists must be determined on a case by case basis.  Allowing a matter to proceed in another forum may constitute cause.  <u>In re Murray Industries, Inc.</u>, 121 B.R. 635 (Bankr. M.D. Fla. 1990).

2.  In determining whether to lift the automatic stay to allow litigation against a debtor to proceed in another forum, bankruptcy courts have considered the following factors: 1) whether the relief will result in a partial or complete resolution of the issues; 2) lack of any connection with or interference with the bankruptcy case; 3) whether the other proceeding involves Debtor as a fiduciary; 4) whether a specialized tribunal has been established to hear the particular cause of action; 5) whether the debtor's insurer has assumed full responsibility; 6) whether the action primarily involves third parties; 7) whether litigation in the other forum would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether movant's success would result

in a judicial lien avoidable by the debtor; 10) interests of judicial economy and the expeditious and economical resolution of litigation; 11) whether the proceedings have progressed to the point that parties are ready for trial; and 12) impact of the stay on the parties and the balance of harm.  See  In re Curtis, 40 B.R. 795 (Bankr. D. Utah 1984); Sonnax Industries, Inc., 907 F.2d 1280 (2nd Cir. 1990); In re United States Brass Corp., 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994; In re Fowler, 259 B.R. 856 (Bankr. E.D. Tex. 2001).

    3.  Not all factors may be relevant to each case. Further, the decision to lift the stay may be upheld on judicial economy grounds alone.  See In re United States Brass Corp., 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994), citing In re Kemble, 776 F.2d 802, 907 (9th Cir. 1985).

Based on the foregoing, the court will enter a separate Judgment granting the Motion of Rex-Tech International, L.L.C. For Relief From Stay (Docket No. 25) and the Motion For Relief From Automatic Stay (Docket No. 120) filed by Powertuff Corporation and Powertuff Rig Parts, L.L.C.

SIGNED at Houston, Texas on this 28th day of March, 2006.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE